UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN K. DUNAVAN,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
                                       /

Case No. 16-10455

Honorable Nancy G. Edmunds

**OPINION AND ORDER SUSTAINING DEFENDANT'S OBJECTIONS [20], REJECTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [19], GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [15], DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [10], AND AFFIRMING THE COMMISSIONER'S DECISION**

Plaintiff Brian Dunavan seeks judicial review of Defendant Commissioner of Social Security's determination that he is not entitled to social security benefits. The Court referred the matter to Magistrate Judge Elizabeth Stafford, and, on February 14, 2017, she issued a Report and Recommendation (R&R) finding that the Commissioner's decision is not supported by substantial evidence. As a result, the R&R recommends granting Plaintiff's motion for summary judgment, denying Defendant's motion for summary judgment, and remanding the case to the Administrative Law Judge (ALJ) for further consideration. Defendant timely filed six objections to the R&R, which the Court considers here. For the reasons that follow, the Court SUSTAINS Defendant's objections and finds that substantial evidence supports the Commissioner's decision. As a result, the R&R is REJECTED, Defendant's motion for summary judgment is GRANTED, Plaintiff's motion for summary judgment is DENIED, and the Commissioner's decision is AFFIRMED.

**A.  Background**

Defendant does not object to either the R&R's recitation of Plaintiff's claimed disabilities or its review of the ALJ's application of the disability framework analysis. (*See* Dkt. 19, at 2-5.) Therefore, the Court adopts and incorporates those portions of the R&R. The Court will introduce additional facts as necessary to evaluate Defendant's objections.

At the most general level, the R&R recommends remanding the case because the ALJ violated the "treating physician rule" by "failing to give controlling weight to the opinion of [Plaintiff's] treating physician, Dr. Ronald Coriasso." (*Id.* at 6.) On a more granular level, the R&R finds that the ALJ committed the following errors: (1) the ALJ relied on his own medical expertise to draw conclusions from raw medical data; (2) the ALJ disregarded certain clinical findings that supported Dr. Coriasso's conclusions; (3) the ALJ did not provide good reasons for ignoring Dr. Coriasso's opinion that Plaintiff could not work a full day or week; (4) the ALJ disregarded the general rule that treating physicians' opinions are given more weight than those of consultants; and (5) the ALJ used evidence related to Plaintiff's credibility to "override" Dr. Coriasso's opinion. (*Id.* at 14, 19, 20, 22.) The R&R goes on to find that, because of those errors, the ALJ's assessment of Plaintiff's residual functional capacity (RFC) is not supported by substantial evidence. (*Id.* at 6.) The R&R explains: "These [issues] are intertwined in that, if the ALJ did not provide good reasons for giving little weight to Dr. Coriasso's opinion, the assessed RFC is unsustainable." (*Id.*)

Defendant has filed six objections to the R&R, and the Court sustains each of them for the reasons below. In the process, the Court also finds that the ALJ's determination is supported by substantial evidence, so the Court concludes that a remand is unnecessary.

**B.  Applicable Law**

2

**1. Objections to a Magistrate Judge's R&R**

When a party objects to portions of a magistrate judge's report and recommendation, the Court reviews such portions *de novo*. Fed. R. Civ. P. 72(b). However, only specific objections that pinpoint a source of error are entitled to *de novo* review. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). General objections, or those that merely challenge the magistrate judge's overall determination, have "the same effects as would a failure to object." *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). That is, such objections are not valid, and the Court may treat them as if they were waived. *See Bellmore-Byrne v. Comm'r of Soc. Sec.*, 2016 WL 5219541, at *1 (E.D. Mich. Sept. 22, 2016) (citing *id.*).

**2. Judicial Review of an ALJ's Decision**

The Court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). The Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). It is more than a scintilla but less than a preponderance of the evidence. *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). When reviewing the Commissioner's decision, the Court should "not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). Rather, if substantial evidence supports the Commissioner's decision, it must be affirmed regardless of whether

this Court would decide the matter differently or even if substantial evidence supports another conclusion. *See Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994).

**C. Analysis**

**1. The Application of the Treating Physician Rule to Dr. Coriasso's Opinion**

Defendant first objects to the R&R's finding that the ALJ failed to comply with the "treating physician rule" with respect to Dr. Coriasso's opinion. (Dkt. 20, at 1.) Under the treating physician rule, an ALJ must give a treating physician's opinion controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the case record." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 723 (6th Cir. 2014) (citation omitted). "When the treating physician's opinion is not controlling, the ALJ, in determining how much weight is appropriate, must consider a host of factors, including the length, frequency, nature, and extent of the treatment relationship; the supportability and consistency of the physician's conclusions; the specialization of the physician; and any other relevant factors." *Rogers*, 486 F.3d at 242. If an ALJ discounts a treating physician's opinion, he must provide "good reasons." *Id.*

Here, Dr. Coriasso opined that Plaintiff suffers from severe degenerative disc disease in both the thoracic and cervical spine, moderate to severe narrowing bilaterally of the neural foramina at multiple levels of the cervical spine, bilateral impingement of the shoulders, and cervical radiculopathy radiating down to the right arm and hand. (Dkt. 6-8, at 169-73.) The ALJ decided to accord that opinion little weight after considering Dr. Coriasso's specialization in family medicine (Dkt. 6-2, at 26), as well as the length,

frequency, nature, and extent of his treatment of Plaintiff. (*Id.* at 22-26.) The ALJ explained that he found Dr. Coriasso's opinion "inconsistent with the evidence of record[,] including findings on diagnostic testing that confirmed only moderate degenerative changes in the cervical spine [] and mild degenerative changes in the claimant's shoulder[.]" (*Id.* at 27 (internal citations omitted).) Now the R&R, reviewing the ALJ's decision, finds that the ALJ failed to provide good reasons for giving Dr. Coriassio's opinion little weight. (Dkt. 19, at 6-7.) And Defendant, in turn, objects to the R&R's finding.

More specifically, Defendant argues that the R&R erroneously applies the treating physician rule,[1] "transform[ing] that rule into requiring the administrative law judge [] to afford controlling weight to a treating source opinion whenever the treating source 'relied upon objective medical evidence to render an opinion.'" (Dkt. 20, at 2 (quoting Dkt. 19, at 13, 22).) Defendant then pinpoints two particular portions of the R&R that reflect the alleged error. For the reasons that follow, the Court agrees with Defendant that the R&R misapplies the treating physician rule, so Defendant's first objection is sustained.[2]

The first error pinpointed by Defendant lies in the R&R's conclusion that the ALJ "substituted his medical judgment for [] Dr. Coriasso's to interpret raw diagnostic [testing]." (Dkt. 20, at 2 (quoting Dkt. 19, at 14).) Defendant argues: "To the contrary, the ALJ discussed specific relevant evidence from medical sources, whose interpretation of the objective diagnostic testing conflicted with Dr. Coriasso's opinion." (Dkt. 20, at 2 (citing Dkt.

---

[1] Contrary to Plaintiff's suggestion, Defendant never argues that the treating physician rule does not apply in this case.

[2] In so holding, the Court recognizes that the R&R correctly states the treating physician rule on pages 10-11. (Dkt. 19, at 10-11.) The R&R's statement of the law is not erroneous; the application is.

5

6-2, at 22-26).) Having reviewed the record *de novo*, the Court agrees with Defendant that the ALJ was not "playing doctor," as the R&R suggests (*see* Dkt. 19, at 13); rather, the ALJ properly decided to give Dr. Coriasso's opinion little weight after identifying substantial inconsistent evidence from medical sources.

That evidence includes the following: First, the ALJ cited a letter sent from Dr. Henry Hagenstein to Dr. Coriasso, in which Dr. Hagenstein discussed an electromyography (EMG) exam that Plaintiff underwent on June 11, 2013. (Dkt. 6-2, at 24 (citing Dkt. 6-7, at 256-57).) There, Dr. Hagenstein (not the ALJ) described the results as "mildly abnormal," with "subtle" evidence of nerve root irritation.[3] (Dkt. 6-7, at 256.) Second, the ALJ cited a report on an MRI of Plaintiff's cervical spine performed on July 17, 2013. (Dkt. 6-2, at 24 (citing Dkt. 6-7, at 253-54).) The ALJ characterized this report as "confirm[ing] mild degenerative change," which tracks the reporting physician's impression that the MRI indicated "[o]verall, mild degenerative change at all levels."[4] (Dkt. 6-7, at 254.) Third, the ALJ referred to several treatment notes prepared by Dr. Siva Sripada, who reviewed Plaintiff's MRIs and noted several findings that are inconsistent with Dr. Coriasso's opinion. (Dkt. 6-2, at 25-26.)

---

[3] Plaintiff's contention that this EMG is consistent with Dr. Coriasso's opinion misses the mark. Plaintiff emphasizes that this evidence "confirms and supports the existence of Plaintiff's cervical pathology." (Dkt. 21, at 4.) However, the relevant question is whether the evidence is inconsistent with Dr. Coriasso's opinion that Plaintiff suffers from "severe degenerative disc disease." A finding of "mildly abnormal" results is inconsistent with an opinion of "severe" pathology.

[4] The Court notes that Defendant's objection appears confuse Dr. George Polcano's commentary on an August 17, 2013 X-ray (Dkt. 6-7, at 252) with Dr. George Arnold's report on the July 17, 2013 MRI. (Dkt. 6-7, at 253-54.) Either way, the Court refers here to impressions reported by Dr. Arnold.

For example, on September 12, 2013, Dr. Sripada noted that the MRI Plaintiff underwent in July 2013 "is only suggestive of some mild degenerative changes" in the cervical spine. (Dkt. 6-8, at 83.) Then, on February 20, 2014, he noted that "[r]ecent MRIs were reviewed," and "nothing really suggested the significant pain that [Plaintiff] is having." (*Id.* at 75.) Next, on March 10, 2014, he noted that "MRIs and CT myelograms of the cervical spine failed to demonstrate any significant finding." (*Id.* at 73.) And on April 15, 2014, Dr. Sripada recorded that Plaintiff had a left shoulder MRI, "which shows only mild degenerative changes." (*Id.* at 71.) Finally, on June 12, 2014, he noted that he reviewed an MRI of Plaintiff's lumbar spine and found: "There is almost nothing in his MRI that suggests the severity of his symptoms. . . . [B]ased on the almost normal MRI of his lumbar spine, I left all of his medications exactly the same[.]" (*Id.* at 63.)

In light of the foregoing, the Court concludes that the record supports the ALJ's determination that Dr. Coriasso's opinion is inconsistent with substantial evidence, including: (1) findings of diagnostic testing that confirmed only *moderate* degenerative changes in the cervical spine; (2) *mild* degenerative changes in the claimant's shoulder; (3) nothing really suggestive of Plaintiff's complaints of pain; and (4) almost nothing suggesting the severity of his symptoms. Moreover, the Court finds that the ALJ provided "good reasons" for discounting Dr. Coriasso's opinion by referring to the evidence discussed above. Although the ALJ did not expressly re-cite each bit of that evidence during his summary, it was not necessary for him to do so because the reasons for his decision are sufficiently clear. *Rogers*, 486 F.3d at 242 (stating that a major purpose of the "treating physician rule" is to permit meaningful appellate review).

7

This brings the Court to the second alleged error in the R&R: the R&R's suggestion that a remand is necessary because the record contains clinical findings that support Dr. Coriasso's opinion. (*See* Dkt. 20, at 7 (citing Dkt. 19, at 15)().) The Court agrees with Defendant that it would be erroneous to remand the case simply because evidence supports Dr. Coriasso's opinion, even if that evidence is substantial. As the Sixth Circuit has explained, "the standard on review is to determine if substantial evidence supports the ALJ's conclusion. . . . The fact that a record may also possess substantial evidence to support a different conclusion than that reached by the ALJ or that a reviewing judge might have decided the case differently is *irrelevant*." *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986) (emphasis added). Here, the Court has found that substantial evidence supports the ALJ's decision to grant little weight to Dr. Coriasso's opinion. Therefore, whether substantial evidence would support a contrary conclusion is immaterial, and Defendant's first objection is sustained. *See Cornette v. Sec'y of Health & Human Servs.*, 869 F.2d 260, 263 (6th Cir. 1988) ("If it is supported by substantial evidence, the [Commissioner's] decision must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently.").

**2. Dr. Coriasso's Treatment Notes**

Defendant next objects to the R&R's finding that "Dr. Coriasso's treatment notes were not inconsistent with his highly restrictive opinion of Plaintiff's functioning." (Dkt. 20, at 8.) Defendant argues that this finding is erroneous because Dr. Coriasso noted on two occasions *after* the alleged onset date of Plaintiff's disability that Plaintiff had "full and

painless range of motion of the neck."[5] (*See* Dkt. 6-7, at 69; Dkt. 6-8, at 92.) The alleged onset date of Plaintiff's disability was March 24, 2013, and the notes in question were taken on May 24, 2013 and May 29, 2014. (*See* Dkt. 6-7, at 69; Dkt. 6-8, at 92.) Because the Court agrees with Defendant that the notes are inconsistent with Dr. Coriasso's highly restrictive opinion of Plaintiff's functioning, this objection is sustained.

The Court would be remiss, however, if it did not address the R&R's reasons for discounting these notes. According to the R&R, Defendant impermissibly "augmented the ALJ's reasoning" by citing to the May 2013 notes because "the only record the ALJ cited as indicating that Dr. Coriasso found [Plaintiff] to have a full, painless range of motion was from May 2014." (Dkt. 19, at 16.) But that analysis is misguided. A court reviewing an ALJ's decision must base its decision on the record "as a whole," meaning the Court may consider evidence not expressly cited in the ALJ's decision. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). Therefore, it is entirely appropriate when a party points to evidence in the record that supports the ALJ's reasoning, regardless of whether the ALJ expressly cited it. *Id.*

The Court also rejects the R&R's suggestion that because some evidence is consistent with Dr. Coriasso's opinion, the Court should disturb the ALJ's opinion even if it is supported by substantial evidence. As discussed above, the existence of substantial evidence to support a different conclusion than the one reached by the ALJ is irrelevant. *Crisp*, 790 F.2d at 453 n.4. The ALJ, not the reviewing court, is tasked with resolving conflicts in the medical evidence. *Smereczynski v. Sec'y of Health & Human Servs.*, 944

---

[5] Defendant also points to treatment notes that preceded the alleged onset date, but the Court agrees with the R&R that theses notes are not particularly relevant.

F.2d 296, 299 (6th Cir. 1991) ("[W]e defer to the ALJ's resolution of factual questions[.]"). Therefore, Defendant's second objection is sustained.

### 3. The Clinical Findings Related to Plaintiff's Subjective Complaints of Pain

Defendant's third objection contests the R&R's finding that "[w]hen the ALJ stated that 'the medical evidence of record does not contain objective signs and findings that can account for [Plaintiff's] subjective complaints of pain,' he disregarded [certain] clinical findings and cited only to MRIs, CT scans[,] and an EMG from November 2011." (Dkt. 19, at 19 (citation omitted).) Defendant argues that this finding is erroneous, and the Court agrees. First, "[i]t is well settled that: 'An ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.'" *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 507-08 (6th Cir. 2006) (quoting *Loral Defense Systems-Akron v. NLRB*, 200 F.3d 436, 453 (6th Cir. 1999)). Second, the ALJ *did* directly address clinical findings beyond the MRIs, CT scans, and an EMG from November 2011. He cited, *inter alia*: (1) findings by Dr. Lisa Goyut; (2) findings by Dr. J. Steven Schultz; (3) findings by Dr. James Culver; and (4) findings by Dr. Coriasso. (*See* Dkt. 6-2, at 23-24.) Therefore, the ALJ did not disregard such evidence; he simply found that it did not support Plaintiff's complaints of pain. Defendant's third objection is therefore sustained.

### 4. Dr. Coriasso's Opinion that Plaintiff Could Not Work a Full Day or Week

Defendant next objects to the R&R's finding that the ALJ erred by failing to provide good reasons for discounting Dr. Coriasso's opinion that Plaintiff could not work a full day or week. (Dkt. 20, at 13.) Defendant argues that the ALJ did not need to provide good reasons for discounting that opinion because it is an opinion on an issue reserved to the Commissioner, rather than a medical opinion. The Court agrees with Defendant.

Under the applicable regulation, "[o]pinions on some issues ... are not medical opinions ... but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability." 20 C.F.R. § 404.1527(d). If an opinion "addresses one of the issues reserved to the Commissioner," then it "is not a medical opinion requiring consideration." *Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 652 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(d)(3) ("We will not give any special significance to the source of an opinion on issues reserved to the Commissioner[.]").

Other courts in this Circuit have routinely found that opinions regarding how often a plaintiff might miss work are not medical opinions. *See, e.g., Schacht v. Comm'r of Soc. Sec.*, 2016 WL 2733140, at *5 (E.D. Mich. May 5, 2016) ("[S]tatement that Schacht would miss work several days per week is not a valid medical opinion."), *rep. & rec. adopted*, 2016 WL 5219540 (E.D. Mich. Sept. 22, 2016); *Ault v. Comm'r of Soc. Sec.*, 2016 WL 1621756, at *5 (W.D. Mich. Apr. 25, 2016) ("The doctor's opinions regarding how often Plaintiff would miss work or be off task were not entitled to controlling weight. They are conjectures, not a medical opinion."). Consistent with those decisions, this Court finds that Dr. Coriasso's opinion regarding Plaintiff's ability to maintain a regular work schedule is not a medical opinion but an opinion on an issue reserved to the Commissioner. Therefore, the ALJ was not required to give the opinion any "special significance" or provide good reasons for discounting it, and Defendant's fourth objection is sustained. *See* 20 C.F.R. § 404.1527(d)(3).

### 5. The Opinion Provided by a State Agency Physician

Fifth, Defendant objects to the R&R's conclusion regarding the opinion provided by a consulting State agency physician. (Dkt. 20, at 15.) The R&R states the following: "[Defendant argues] that the opinion of [a] consultant is further grounds for giving little weight to Dr. Coriasso's opinion. This argument disregards the general rule that [a] treating physician's opinions are given more weight than those from consultants." (Dkt. 19, at 20.) Defendant argues that this analysis is erroneous, and the Court agrees.

Contrary to the R&R's suggestion, the ALJ's finding that a consultant's opinion constitutes further grounds for giving little weight to a treating physician's opinion is not inconsistent with the rule that treating physicians' opinions are generally given more weight than those of consultants. Indeed, "Social Security rules and Sixth Circuit case law make clear that a non-treating physician's opinion may receive greater weight than that of a treating physician when supported by the record evidence." *Allen v. Comm'r of Soc. Sec.*, 2013 WL 5423728, at *18 (E.D. Mich. Sept. 26, 2013) (citations omitted). "In appropriate circumstances, opinions from State agency medical and psychological consultants ... may be entitled to greater weight than the opinions of treating or examining sources." SSR 96-6p, 1996 WL 374180, at *3 (July 2, 1996). Here, the ALJ identified "appropriate circumstances" for giving the consulting physician's opinion greater weight than Dr. Coriasso's. He noted that the consultant's opinion was consistent with objective medical evidence, while Dr. Coriasso's was not. Therefore, Defendant's fifth objection is sustained. *See Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 652 (6th Cir. 2006) ("[T]his Court has consistently stated that the [Commissioner] is not bound by the treating physician's opinions, and that such opinions receive great weight only if they are supported by sufficient clinical findings and are consistent with the evidence.").

**6. The Evidence Related to Plaintiff's Credibility**

Finally, Defendant objects to the R&R's analysis of the evidence related to Plaintiff's credibility. (Dkt. 20, at 17.) The R&R states the following: "While these considerations are ordinarily relevant, they do not override the opinion of a treating physician that is supported by objective medical evidence[.]" (Dkt. 19, at 22.) Defendant argues that this statement is erroneous for two reasons, and the Court agrees on both grounds.

First, the R&R errs insofar as it suggests that when a treating source opinion is supported by objective medical evidence, it is due controlling weight, thereby stripping "ordinarily relevant" considerations of their relevance. That is not what the "treating physician rule" provides. Instead, as stated above, it requires the ALJ to afford controlling weight to a treating source when the opinion is well supported by medical evidence and is not inconsistent with other substantial evidence. *Gentry*, 741 F.3d at 723. And the determination regarding an opinion's consistency with the evidence should be based on "the record as a whole," which includes evidence related to Plaintiff's credibility. 20 C.F.R. § 404.1527(c)(4). Therefore, even if the opinion of a treating physician is supported by objective medical evidence, evidence that diminishes a plaintiff's credibility remains relevant. *Id.*; *see also Nelson v. Comm'r of Soc. Sec.*, 195 F. App'x 462, 472 (6th Cir. 2006) (holding that an ALJ adequately addressed the opinions of treating physicians by "indirectly attacking both the consistency of those opinions with the other record evidence and their supportability").

Second, the R&R erroneously characterizes how the ALJ analyzed the factors related to Plaintiff's credibility. The R&R proposes that the ALJ used these considerations to "override" Dr. Coriasso's opinion. But the ALJ only considered these factors in conjunction

with the other evidence that is inconsistent with Plaintiff's alleged symptoms, which was entirely appropriate.  *Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987) ("[C]redibility determinations with respect to subjective complaints of pain rest with the ALJ."); *see also Walters*, 127 F.3d at 531 ("[A]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference[.]").  As a result, Defendant's sixth objection is sustained.

### D.  Conclusion

For the foregoing reasons, all six of Defendant's objections are SUSTAINED, and the Court finds that substantial evidence supports the Commissioner's decision.  Accordingly, the R&R is REJECTED, Defendant's motion for summary judgment is GRANTED, Plaintiff's motion for summary judgment is DENIED, the Commissioner's decision is AFFIRMED, and the case is DISMISSED.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  March 23, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 23, 2017, by electronic and/or ordinary mail.

s/Carol J. Bethel
Case Manager